**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30064 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00188-JLR-2 |
| v. | |
| AMBER HEILMAN-BLANTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Amber Heilman-Blanton appeals from the district court's judgment and

challenges the 14-month sentence imposed upon her second revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Heilman-Blanton contends that the district court erred by failing to explain

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court sufficiently explained its reasons for imposing a sentence one month above the Guidelines range, including Heilman-Blanton's history of noncompliance and her unsuitability for supervised release. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, contrary to Heilman-Blanton's contention, the district court did not rely on impermissible sentencing factors. *See* 18 U.S.C. § 3583(e); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

Heilman-Blanton also contends that the sentence is substantively unreasonable in light of the alleged procedural errors and her struggles with substance abuse. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**